McIlvaine, J.
We propose to consider but a single question, in this case, viz: Has a justice of the peace, under the provisions of the seventh section of the act of May 1,1854, as amended April, 18, 1870, entitled “an act to provide against the evils resulting from the sale of intoxicating liquors in the State of Ohio,” jurisdiction in an action against the owner or lessee of premises, who knowingly permits intoxicating liquor to be sold thereon in violation of said act, whereby intoxication and consequent injury results for which the action is authorized.
It will be observed .that jurisdiction of the action authorized by section seven is not thereby conferred upon any court by name. The provision is, that “ all suits for damages under this act shall be by a civil action, in any of the courts of this State having jurisdiction thereof.” (67 O. L. 102.)
The powers and duties of justices of the peace in this State are regulated solely by statute. Const. art 4, sec. 9 ; McCleary v. McLean, 2 Ohio St. 368 ; McKibben v. Lester, 9 Ohio St. 627. By section seven there is no enlargement of jurisdictional power granted to any court. Existing jurisdiction in civil actions is recognized, in the court and the suit therein authorized is declared to be a civil action in contradistinction to criminal proceedings. In civil actions the general grant of jurisdiction is conferred upon justices of the peace, by section 4, of the act of March, 14 1853, as amended, May 1, 1854, as follows : “ Under the restrictions and limitations herein provided, justices of the peace shall *190 have exclusive original jurisdiction of any sutn not exceeding one hundred dollars, and concurrent jurisdiction with the court of common pleas, in any sum over one hundred dollars, and not exceeding- three hundred dollars.” (S. & C. 770.) One of the restrictions upon this jurisdiction is contained in the 6th clause of section 10 of that act. (S. & C. 772). Justices of the peace shall not have cognizance of any action “ in which the title to real estate is sought to be recovered, or may be drawn in question, except actions of trespass,” &c. See McKibben v. Lester, 9 Ohio St. 627.
In construing this clause we approve and adopt the rule laid down by the court in Bridgman v. Wells, 13 Ohio, 43. The court say, “Where the plaintiff, in order to sustain his case, is compelled, in the first instance, to prove certain facts, or disprove them, and those facts, or either of them, is title to lands or tenements, the jurisdiction of the justice is excluded, except in trespass,” &c.
In order to sustain her action against the plaintiff in error the defendant in error was compelled to prove, in the first instance, that he was lessee for a term of years under Donhauser, the owner of the premises, and that he had sublet his term to Peterman, and knowingly permitted Martin and Peterman to sell intoxicating liquors upon the leased premises, in violation of law. Title to the premises, and power of control over them, lay at the foundation of the liability of the plaintiff in error.
This brings us to the conclusion that the justice had no jurisdiction of the original action as against the plaintiff in error, unless, as is claimed hi argument, the word ‘1 premises,” as used in this statute, does not necessarily mean real estate, or unless a leasehold for a term of years is not a title to real estate, within the meaning of the 6th clause of sec-' tion 10 of the act of 1853, above quoted.
As to the first quere, we are of opinion that the word “ premises” was used in the statute as the very synonim of lands and tenements. It was undoubtedly the intention of the legislature to make the owners and lessees of real estate liable for knowingly permitting their lands and tenements *191 to become a locus for crime. And as to the second, we need only to say, that although a leasehold for years is regarded for some purposes as a chattel, and subject to the laws relating to personal property, it is nevertheless a chattel real— an estate in lands and tenements, the title to which, when made a primary question in a case, is beyond the jurisdiction of a justice of the peace, except in special cases expressly provided for by the statute.
Judgment reversed.
Welch, C. J., and White, Day and West, JJ., concurred.